IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Louie Lawton Smith, Jr., | ) | C/A No.: 3:16-2918-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The Print Machine, Inc., a South Carolina Corporation; Kasey Cooper Fay, President of T.P.M., Inc.; Jim Norris, Human Resources Manager of T.P.M.; Chris Fay, Vice President of T.P.M.; Jerry Cooper, Chairman of T.P.M.; and Matt Luther, T.P.M. Manager of Columbia, | ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Louie Lawton Smith, Jr., ("Plaintiff"), filed this matter alleging disability discrimination against his former employer and its employees. [ECF No. 1]. This matter is before the court on Plaintiff's motion for summary judgment [ECF No. 26]. All pretrial proceedings in this matter were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). For the following reasons, the undersigned recommends Plaintiff's motion be denied without prejudice as premature.

Plaintiff filed this matter on August 24, 2016. [ECF No. 1]. After directing Plaintiff to provide the necessary documents to bring the case in to proper form, the undersigned authorized service of process on November 7, 2016. [ECF No. 22]. No proofs of service have been filed on the docket and no defendant has made an appearance in this action. Plaintiff filed his motion for summary judgment on December 5, 2016.

The undersigned recommends Plaintiff's motion for summary judgment be denied without prejudice as premature at this time. Courts have exercised caution in considering summary judgment motions before the defendants have filed an answer. See 11 *Moore's Federal Practice* § 56.60(2)(a) (3rd ed. 2013). The Supreme Court in *Anderson v. Liberty Lobby* stated that "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." 477 U.S. 242, 250 n.5 (1986). Therefore, because defendants have not yet made an appearance in this matter or otherwise had an opportunity to discover information essential to oppose Plaintiff's motion, the undersigned recommends Plaintiff's motion for summary judgment be denied without prejudice.

IT IS SO RECOMMENDED.

December 6, 2016                             Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).