IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Louie Lawton Smith, Jr., | ) | C/A No.: 3:16-2918-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The Print Machine, Inc., a South | ) | REPORT AND RECOMMENDATION |
| Carolina Corporation, Kasey Cooper | ) | |
| Fay, Jim Norris, Chris Fay, Jerry | ) | |
| Cooper, and Matt Luther, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this employment discrimination case, Louie Lawton Smith, Jr. ("Plaintiff"), sues The Print Machine, Inc. ("TPM"), and Kasey Cooper Fay, Jim Norris, Chris Fay, Jerry Cooper, and Matt Luther (the "individual Defendants") (collectively "Defendants"), alleging claims for workers' compensation retaliation and violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). [ECF No. 1]. This matter comes before the court on: (1) Defendants' motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 8(a), 12(b)(6), and 12(c) [ECF No. 31]; and (2) Plaintiff's motion for partial summary judgment [ECF No. 37]. The motions having been fully briefed [ECF Nos. 36, 39–42], they are ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). Because the motions are dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends

the district court grant Defendants' motion to dismiss and deny Plaintiff's motion for partial summary judgment.

I.      Factual and Procedural Background

The following is a summary of the facts as alleged by Plaintiff in his complaint and the attachments thereto: Plaintiff was hired by his former employer TPM on October 18, 2004, as a Delivery Driver. [ECF No. 1-2 at 1, 2]. Plaintiff states he worked for TPM for ten years and claims he injured his shoulder/arm on the job in 2009 and suffered a permanent partial disability. [ECF Nos. 1-1 at 1, 1-3 at 1]. He states that he had shoulder surgery and remained out of work, but was paid, for two to three months. [ECF No. 1-3 at 1]. Plaintiff says he was assured by then-TPM executives Todd Brown and Jerry Cooper that his job would always be available regardless of his arm damage. *Id.* Plaintiff claims that after a change in management, he was discharged. *Id.* Plaintiff claims that he was told his "position was being eliminated due to weak sales in the Columbia office." [ECF No. 1-3 at 2–3]. However, he states that approximately one month after he was terminated, TPM's newsletter revealed an increase in business, *id.* at 3, and it also hired three additional employees to do work he previously performed. [ECF Nos. 1-1 at 2; 1-2 at 4].

Plaintiff states he filed an administrative charge with the South Carolina Human Affairs Commission in 2015 that was transferred to the Equal Employment Opportunity Commission ("EEOC"). Plaintiff states he received a right to sue letter from the EEOC on June 30, 2016. [ECF No. 1-1 at 4]. Plaintiff seeks monetary damages. [ECF No. 1 at 8].

2

II.     Discussion

    A.     Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).  Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion.  *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).  Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

    B.     Analysis

        1.     Workers' Compensation Retaliation

South Carolina prohibits an employer from discharging or demoting an employee because the employee has instituted or caused to be instituted in good faith any proceeding under South Carolina's Workers' Compensation Law, S.C. Code Ann. § 41-1-80 (the "Act"). The employee carries the burden of proving that his discharge or demotion occurred because he instituted proceedings under the Act. *Id.* To prove his claim, Plaintiff must show that (1) he instituted a workers' compensation claim, (2) he

was discharged or demoted, and (3) a causal connection exists between the two events. *Hinton v. Designer Ensembles, Inc.*, 540 S.E.2d 94, 97 (S.C. 2000). The appropriate test for causation is the "determinative factor" test, which requires Plaintiff to establish that he would not have been discharged "but for" the filing of his workers' compensation claim. *Id.* "The ultimate burden of persuading the trier of fact that the employer retaliatorily discharged the employee for exercising statutory rights under the Act remain at all times with the employee." *Id.* (internal quotations omitted).

Defendants argue that to the extent Plaintiff asserts a workers' compensation retaliation claim against them, his claims are untimely. The statute of limitations for a former employee to assert a workers' compensation retaliation claim is one year. S.C. Code Ann. § 41-1-80. Defendants argue that the court should dismiss as time-barred Plaintiff's complaint for workers' compensation retaliation, as he waited to initiate this lawsuit (on August 24, 2016), more than a year after his termination (on October 24, 2014).

Plaintiff argues that his lawsuit is considered filed in 2015, when he filed with the EEOC. [ECF No. 36 at 1–2]. Plaintiff was not required to file with the EEOC for his state law claim of retaliation based on his having filed a workers' compensation claim. The Fourth Circuit and its lower courts have rejected arguments that the statutes of limitations for state law tort claims should be equitably tolled where the claims arose from the same facts as a discrimination claim that was being administratively exhausted. *See, e.g., McNeal v. Montgomery County*, 307 F. App'x 766, 772 (4th Cir. 2009); *Knickman v. Prince George's County*, 187 F.Supp.2d 559, 564 (D.Md. 2002); *see also Johnson v.*

4

*Railway Express Agency, Inc.*, 421 U.S. 454, 462–66 (1971) (statute of limitations for § 1981 claim not tolled while plaintiff was pursuing Title VII administrative claim even though the actions were based on the same facts). Indeed, the pursuit of an administrative complaint, even though a necessary prerequisite to the filing of an ADA action, does not affect the limitations period for the filing other claims, even when based on the same facts. Because Plaintiff was terminated more than a year before he filed the instant action, the undersigned recommends the court dismiss Plaintiff's workers' compensation retaliation claims.

### 2. ADA Claims

#### a. No Individual Liability

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Defendants argue that to the extent Plaintiff attempts to assert ADA claims against the individual Defendants, the court should dismiss the complaint for failure to state a claim upon which relief can be granted because they do not qualify as a "covered entity." *Id.* The term "covered entity" means "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 12111(5)(A).

Defendants argue in their motion that the Individual Defendants should be dismissed from this action because it is well-settled in the Fourth Circuit that the ADA does not establish individual liability for coworkers or supervisors. The undersigned agrees.

In *Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999), the Fourth Circuit noted that "[w]e have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'" *Id.* at 472 (citing *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) ("holding that supervisors cannot be held liable in their individual capacity under Title VII because they do not fit within the definition of an employer")). The *Baird* court pointed out that "Title VII and the ADA define an 'employer' in pertinent part as 'a person engaged in an industry affecting commerce who has fifteen or more employees.' " *Id.* (citing 42 U.S.C. § 2000e(b) & 42 U.S.C.A. § 1 2111(5)(A)). Because Title VII and the ADA define the term "employer" almost identically, and because Title VII does not authorize a remedy against individuals for violations of Title VII, the court held that the ADA did not permit an action for retaliation against individual defendants. *Id.*

Since *Baird*, numerous courts in this district and circuit have held that the ADA does not allow a plaintiff to pursue claims against individual defendants, such as supervisors. *See, e.g. Jones v. Sternheimer*, 387 F.App'x 366, 368 (4th Cir. 2010) (holding the ADA does "not provide for causes of action against defendants in their individual capacities"); *Thomas v. Synter Resource Group, LLC*, No. 2:14-cv-4716-DCN-MGB, 2015 WL 9645845, at *2 (D.S.C. Dec. 7, 2015) (recommending dismissal of ADA

6

and Title VII claims against individual defendants), *R&R adopted by* 2016 WL 54913, (Jan. 5, 2016); *Garrison v. Integrity Funding of Ohio*, No. 6:16-307-MGL-KFM, 2016 WL 3896842 (D.S.C. Jun. 28, 2016) (recommending dismissal of ADA claim against plaintiff's manager who had denied requested accommodation), *R&R adopted by* 2016 WL 3878249 (Jul. 18, 2016).

The court has reviewed and liberally construed Plaintiff's complaint in its entirety. Because the law does not provide individual liability under the ADA, the undersigned recommends Plaintiff's ADA claim against the Individual Defendants be dismissed.

        b.      No *Prima Facie* Case of ADA Discrimination against TPM

Defendants argue that to the extent Plaintiff's complaint asserts a claim under the ADA that TPM discharged him on account of his alleged disability, Plaintiff cannot state a *prima facie* case of discrimination. To state a *prima facie* case of discrimination for wrongful discharge under the ADA, Plaintiff must demonstrate that (1) he is within the ADA's protected class; (2) he was discharged; (3) at the time of his discharge, he was performing his job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n. 11 (4th Cir. 2001).

Plaintiff does not establish a *prima facie* case of discrimination because he fails to assert facts to satisfy each element of his claim. Plaintiff has sufficiently alleged he was within the ADA's protected class and that he was discharged. Even assuming that Plaintiff was performing his job at a level that met TPM's legitimate expectations,

7

Plaintiff has failed to allege that his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination.

Plaintiff asserts his workplace injury occurred on October 23, 2009. [ECF No. 1-2 at 61]. He states that he received medical treatment and returned to work within two to three months. [ECF Nos. 1-3 at 1; 1-2 at 5, 9, 11–12, and 14]. However, Plaintiff states that he was terminated on October 24, 2014, almost five years after the onset of any alleged disability related to his workers' compensation claim, and several years after he returned to work.

To establish a causal connection based on temporal proximity alone, the time between the employer's knowledge of the protected activity and the adverse employment action must be "very close." *See Clark Cnty. Sch. Dist. v. Breeden,* 532 U.S. 268, 273–74 (2001) (acknowledging cases holding a three to four month period to be insufficient to state a claim of ADA retaliation based on temporal proximity alone); *Pascual v. Lowe's Home Centers, Inc.,* 193 F. App'x 229 (4th Cir. 2006) (*per curiam*) (holding that the plaintiff had failed to establish a causal connection by temporal proximity alone when "at least three to four months" separated the claimed protected activities and the termination of the plaintiff's employment); and *Stockton v. Shaw Indus. Grp., Inc.*, No. 3:14-1904-TLW, 2015 WL 427650, at *5 (D.S.C. Feb. 2, 2015) (dismissing an ADA retaliation claim pursuant to Rule 12(b)(6) where the plaintiff failed to adequately plead a causal link and where temporal proximity spanned "many months or even a year later").

The temporal proximity—of several years—alone is insufficient in the instant case, and Plaintiff has failed to allege any facts alleging that his discharge occurred under

8

circumstances that raise a reasonable inference of unlawful discrimination. Therefore, Plaintiff's complaint fails to state a *prima facie* case of wrongful discharge under the ADA.

Further, Plaintiff's allegations concerning the promises of TPM's prior management concerning his job do not give rise to an ADA claim against TPM's subsequent management. Plaintiff alleges that he:

> did realize shortly thereafter that the displacement in day to day operations of both Jerry Cooper and Todd Brown was for the probable sole purpose by Kasey and Chris Fay of being able to control more personal company actions by themselves, which they did.
>
> Also, I have various other TPM documents that show TPM owners and officers were actually using false information for the purpose of firing me. Does not make sense, but it is true. TPM says in the letter given to me ("your position is being eliminated due to weak sales"). However, in a document issued by TPM approximately one month after I was fired, THE TPM TODAY, December issue says TPM "is operating around 92 percent of overall plan" and "December looks like its shaping to be a monster month and will move those two needles forward before years end."

[ECF No. 1-3 at 2–3]. Although Plaintiff may disagree with, or not believe, the reasons TPM gave him for his termination, the law does not demand more of his employer. South Carolina courts have long recognized the doctrine of employment at-will. *See, e.g., Shealy v. Fowler,* 188 S.E. 499 (S.C. 1936). Under this doctrine, an employer may discharge an employee for good reason, bad reason, or no reason at all without incurring liability.[1] *Culler v. Blue Ridge Elec. Coop., Inc.,* 422 S.E.2d 91, 92 (S.C. 1992); *Ludwick v. This Minute of Carolina, Inc.,* 337 S.E.2d 213, 214 (S.C.1985).

---

[1] "However, an employer is precluded by Title VII and other statutes from terminating an employee for a discriminatory reason." *Reed v. Aiken Cty.*, No. 1:09-1744-MBS, 2010

In sum, it is outside this court's province to decide "whether the reason [for Plaintiff's termination] was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Hawkins v. Pepsico,* 203 F.3d 274, 279 (4th Cir. 2000) (quoting and citing *DeJarnette v. Corning, Inc.,* 133 F.3d 293, 299 (4th Cir. 1998); *DeJarnette,* 133 F.3d at 299 ("[T]his Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination. . . ." (internal quotation marks omitted)); *Henson v. Liggett Group, Inc.,* 61 F.3d 270, 277 (4th Cir.1995) ("We have recognized the importance of giving an employer the latitude and autonomy to make business decisions, including workplace reorganization, as long as the employer does not violate the ADEA."); *Jiminez v. Mary Washington College,* 57 F.3d 369, 377 (4th Cir. 1995) ("Title VII is not a vehicle for substituting the judgment of a court for that of the employer"). It is the perception of the employer that is critical. *Hawkins,* 203 F.3d at 280. Even a reasoned decision based on incorrect facts is not evidence of pretext. *Pollard v. Rea Magnet Wire Co.,* 824 F.3d 557, 559 (7th Cir.1987).

Plaintiff's allegations concerning the change in management and control of the company do not give rise to a claim for ADA discrimination. Plaintiff may disagree with the fact of the termination decision or with the reasoning behind it, but because Plaintiff has failed to allege any facts suggesting his discharge occurred under circumstances that

---

WL 2985805, at *3, n.1 (D.S.C. July 26, 2010) (citing *Owen v. Carpenters' Dist. Council,* 161 F.3d 767, 773 (4th Cir. 1998)).

raise a reasonable inference of unlawful discrimination, the undersigned recommends Plaintiff's ADA claim be dismissed.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Defendants' motion to dismiss Plaintiff's workers' compensation and ADA claims [ECF No. 31]. The undersigned further recommends that the court deny Plaintiff's motion for partial summary judgment [ECF No. 37] for the same reasons as previously denied in ECF No. 43.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 7, 2017                                         Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).