IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Louie Lawton Smith, Jr., <br><br> Plaintiff, <br><br> v. <br><br> The Print Machine, Inc., a South Carolina Corporation; Kasey Cooper Fay, President of T.P.M., Inc.; Jim Norris, Human Resource Manager of T.P.M.; Chris Fay, Vice President of T.P.M.; Jerry Cooper, Chairman of T.P.M.; and Matt Luther, T.P.M. Manager of Columbia, <br><br> Defendants. | C/A No. 3:16-2918-JFA-SVH <br><br><br> **ORDER** |

## I. INTRODUCTION

Louie Lawton Smith, Jr. ("Smith"), proceeding *pro se*, filed an action alleging wrongful termination against his former employer, The Print Machine Inc., ("TPM") and some of its management employees ("Individual Defendants") (collectively "Defendants"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge. After filing an answer to the complaint, Defendants moved for dismissal of the complaint for failure to state a claim. (ECF No. 31). Additionally, Smith moved for partial summary judgment. (ECF No. 37).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Defendants' motion for failure to state a claim

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The

should be granted and Smith's motion for summary judgement should be denied. (ECF No. 45). The Report sets forth in detail the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. Smith filed objections to the Report on March 20, 2017. (ECF No. 48). Defendants responded to those objections on March 27, 2017. (ECF No. 49). Therefore, this matter is ripe for review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**II.    ANALYSIS**

Smith asserted several objections to the Report. Although vague and somewhat incoherent, when construed liberally[2], certain objections are discernable. However, each objection is without merit.

Smith's first objection seems to rebuke an inference that the Magistrate Judge believes he is lying about an injury he sustained on the job in 2009. This is based on statements within the

---

court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

[2] Because Plaintiff is pro se, his objections, along with all other pleadings, must be construed liberally.

Report that state Smith "claims he injured his shoulder/arm on the job in 2009 and suffered a permanent partial disability." (ECF No. 48 p. 1). Despite Smith's contentions, the Magistrate Judge correctly summarized the facts alleged in the complaint and attached documents and assumed them to be true for purposes of Defendants' motion to dismiss. Therefore, Plaintiff's assertion that the Magistrate Judge did not believe his claims is without merit.

Smith then objects to the finding that his claim for Workers' Compensation Retaliation is barred by the applicable statute of limitations. (ECF No. 48 p. 3). Plaintiff claims that he instituted proceedings with the Equal Employment Opportunity Commission within the one year limitations period and therefore, his current claim for Workers' Compensation Retaliation is not barred. However, the Magistrate Judge correctly concluded that the "Fourth Circuit and its lower courts have rejected arguments that the statutes of limitations for state law tort claims should be equitably tolled where the claims arose from the same facts as a discrimination claim that was being administratively exhausted." (ECF No 45 p. 4). Plaintiff's contention to the contrary is baseless and without merit.

Smith also disagrees with the Magistrate Judge's conclusion that the Individual Defendants are not "employers" for purposes of ADA claims and therefore, no personal liability exists. Smith states that "clearly, each individual defendant in the suit names was an Officer, Employer, and partial Owner of the Company." (ECF No. 48 p. 3) (errors in original). Although the Individual Defendants may have worked for TPM in a supervisory role, the ADA does not allow a plaintiff to pursue claims against individual defendants such as supervisors. (ECF No. 45 p. 6). Therefore, Smith cannot maintain a claim against the Individual Defendant's.

Smith's next objection challenges the Magistrate Judge's finding that he failed to state a *prima facie* case for ADA discrimination. (ECF No. 48 p. 5). In response to the finding that he

failed to assert facts to satisfy the essential elements of his claim, Smith stated that "the evidence put before [the Court] by the Plaintiff clearly shows there are facts before this Court via documentation by Plaintiff proving, 'his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination.'" *Id.* However, Smith's objection, much like the claims within his complaint, are baseless, conclusory statements, devoid of any factual support. The Magistrate Judge thoroughly analyzed Smith's claims and liberally construed all of his supporting assertions. Nevertheless, Smith failed to plead facts sufficient to support the causal connection required for his ADA claim. Therefore, his objection is without merit.

Lastly, Plaintiff appears to object to the identification of the Individual Defendants, both within the caption of the Defendants' motion and within the substance of the arguments, because they were listed without their official positions and referred to as employees. (ECF No. 48 p. 6). However, the identification of the Individual Defendants without their official capacities or any reference to them as employees has no effect on the legal analysis. Consequently, Smith's objection is without merit.

### III.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 45). Defendants' motion to dismiss Plaintiff's complaint[3] for

---

[3] Although the Report recommends a dismissal of Plaintiff's workers' compensation and ADA claims, a review of the complaint shows that these are the only discernable claims and their dismissal necessitates the dismissal of the complaint as a whole.

failure to state a claim (ECF No. 31) is **GRANTED**.  Additionally, Smith's second motion for summary judgment (ECF No. 37) is **DENIED**[4].

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 28, 2017                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge

---

[4] Because no objection was made to this recommendation, no explanation is needed for its adoption. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).